# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SPRINT LLC and SPRINT SPECTRUM LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TELECOM NETWORK SOLUTIONS, LLC,<br><br>Defendant. | Case No. _____<br><br>**Jury Trial Requested** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Sprint LLC, formerly known as Sprint Corp.,[1] and Sprint Spectrum LLC[2] (collectively, "Sprint" or "Plaintiffs") file this Complaint for Declaratory Judgment ("Complaint") against Defendant Telecom Network Solutions, LLC ("Defendant" or "TNS"). Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Plaintiffs do not infringe any claim of United States Reissue Patent No. RE47,813 (the "'813 Patent"). Plaintiffs hereby allege as follows:

---

[1] Sprint LLC is a holding company that does not provide any products, services, or networks.
[2] Sprint Spectrum LLC was formerly known as Sprint Spectrum L.P., Inc.

**Complaint for Declaratory Relief—Page 1**

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*, United States Code, and the Federal Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202.

## THE PARTIES

2. Sprint Spectrum LLC is a Delaware limited liability corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006.

3. Sprint LLC is a Delaware corporation with a principal place of business at12920 Southeast 38th Street, Bellevue, Washington 98006. Sprint LLC is a holding company that does not provide any products, services, or networks, but it brings this action solely because TNS nonetheless accuses it of infringement.

4. Defendant TNS is a Texas limited liability company with a principal place of business at 3701 Kirby Dr., Suite 100, Houston, Texas 77098. TNS's principal, David Sewell, is also the principal of EVS Codec Technologies, LLC, which was the plaintiff in a patent infringement action that proceeded before Chief Judge Lynn, in this District, between February 15, 2019 and February 16, 2021: *EVS Codec Technologies, LLC v. ZTE Corp.*, No. 3:19-cv-00385-M-BH (N.D. Tex.).

## BACKGROUND STATEMENT

5. TNS filed a lawsuit against Sprint Corp., T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively, the "EDTX Defendants") in the Eastern District of Texas asserting infringement of the '813 Patent on November 9, 2021. *See Telecom Network Solutions, LLC v. T-Mobile USA, Inc.*, Case No. 2:21-cv-00418-JRG (the "EDTX Action"). The Complaint filed in the EDTX Action is attached hereto as Exhibit 1. On the same day and also in the Eastern District of Texas, TNS filed complaints and asserted the same patent against Verizon Communications, Inc. and

Cellco Partnership d/b/a/ Verizon Wireless ("Verizon") and AT&T Inc., AT&T Corp., AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services Inc. ("AT&T"). *See Telecom Network Solutions, LLC v. Verizon Communications Inc.*, Case No. 2:21-cv-00416-JRG; *Telecom Network Solutions, LLC v. AT&T Inc.*, Case No. 2:21-cv-00415-JRG. The Complaints in these actions are attached hereto as Exhibits 2 and 3.

6. In the EDTX Action, TNS alleges that the EDTX Defendants, including Plaintiff Sprint LLC, infringe the '813 Patent by the manufacture, use, sale, importation, and/or offer for sale of products and/or services from Plaintiffs that prioritize data transfer rates with respect to one or more users (or devices) on the "T-Mobile Network" as part of the network management functionality in the "T-Mobile Network." *See* Exhibit 1 at ¶ 83.

7. In the EDTX Action, TNS alleges that Sprint LLC is properly joined because "on information and belief, [the EDTX Defendants] commonly and/or jointly make, use, sell, offer to sell and/or import infringing instrumentalities, such that at least one right to relief is asserted against Defendants jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, selling, offering to sell, and/or importing into the United States the same accused instrumentalities." *See* Exhibit 1 at ¶ 28.

8. In the EDTX Action, TNS alleges that Sprint LLC is properly joined because "on information and belief, [the EDTX Defendants] make, use, sell, offer to sell in and/or import into the United States the same or similar accused instrumentalities, such that questions of fact that are common to all [the EDTX Defendants] will arise in this action." *See* Exhibit 1 at ¶ 29.

9. TNS's infringement allegations threaten actual and imminent injury to Plaintiffs that can be redressed by judicial relief. That injury is of sufficient immediacy and reality to warrant

the issuance of declaratory judgment. Absent a declaration of non-infringement, TNS's continued wrongful assertions of infringement related to the alleged making, using, selling, importing, and/or offering for sale of the products and/or services associated with T-Mobile's wireless communication network and/or "the same or similar accused instrumentalities" will cause harm to Plaintiffs.

10. Sprint LLC is a holding company that does not manufacture or sell any products, services, or networks, nor does Sprint LLC have any contractual, business, or other relationship with any relevant third party. Sprint LLC brings this action because TNS nonetheless accuses it of infringement. Sprint Spectrum LLC, not Sprint LLC, is the proper Sprint entity that provides wireless products and services, including in the State of Texas and in this district.

11. The allegations made by TNS in the EDTX Action create an actual and justiciable controversy between Plaintiffs and TNS as to the non-infringement of the '813 Patent.

12. United States Patent and Trademark Office ("USPTO") records identify that an assignment was recorded on January 3, 2022 from Optiva Canada Inc. to TNS ("TNS Assignment") related to the '813 Patent. A copy of the USPTO website records for the TNS Assignment is attached as Exhibit 4. A copy of the assignment agreement available from the USPTO website is attached as Exhibit 5. USPTO records further identify that the TNS Assignment was executed on December 24, 2021, approximately six weeks after TNS filed its Complaint in the EDTX Action.

13. Upon information and belief, TNS was not the owner of the '813 Patent at the time of filing the EDTX Action. TNS therefore lacked Article III standing to file suit alleging infringement of the '813 Patent against Sprint LLC at the time it filed the EDTX Action. As a result, the EDTX Action is defective, and is a nullity, due to lack of subject matter jurisdiction.

14. This action is the first filed action with respect to Sprint Spectrum LLC. TNS has not sued Sprint Spectrum LLC for infringement of the '813 Patent despite naming Sprint Corp. in the EDTX Action and despite alleging infringement against Sprint LLC in the EDTX Action and despite the fact that Sprint Spectrum is well known to be the operating entity that provides wireless communications services and has offered to sell, has sold, and has leased consumer devices for use with its services.

15. This action is also the first filed with respect to Sprint LLC because TNS lacked Article III standing to file a complaint for patent infringement in the EDTX Action. This jurisdictional defect cannot be cured because TNS was not assigned any substantial rights to the '813 Patent until after the commencement of the EDTX Action, and therefore, the EDTX Action is a nullity and must be dismissed.

16. Plaintiffs bring this Declaratory Judgment action in the present jurisdiction because there is an actual justiciable controversy between Plaintiffs and TNS based on the allegations of infringement made in the EDTX Action and because this District is the superior forum for determining whether there is infringement of the '813 Patent.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) based on an actual, substantial, and continuing justiciable case or controversy between TNS and Plaintiffs arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

18. By, among other things, filing a defective suit in the Eastern District of Texas alleging infringement of the '813 Patent, TNS has created a substantial and continuing controversy between the parties of sufficient immediacy and reality to warrant the issuance of declaratory judgment as to whether Plaintiffs infringe any claim of the '813 Patent.

19. This Court has personal jurisdiction over TNS because TNS has done and is doing business in this state. Additionally, TNS's principal place of business is located within the state of Texas, TNS's agent, David Sewell, is located in this state, TNS was formed in this state, TNS's attorneys are located within this state, and TNS and/or its agents have purposefully directed their activities to this state. For example, TNS has engaged in litigation enforcement activities directed at and against AT&T, Verizon, and T-Mobile in this state. *See* Exhibits 1–3.

20. On information and belief, TNS is subject to this Court's specific and/or general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, because (1) TNS's activities were purposefully directed at residents of this forum; (2) the claims arise out of or relate to TNS's activities with this forum; and (3) the assertion of personal jurisdiction is reasonable and fair.

21. On information and belief, TNS is a patent assertion entity owned and managed by David Sewell. David Sewell has owned and managed other patent assertion entities, including EVS Codec Technologies, LLC, which filed suit in *EVS Codec Technologies LLC v. ZTE Corporation et al.*, Case No. 3:19-385 (N.D. Texas). In that case, assigned to Chief Judge Lynn, David Sewell purposefully availed himself and his companies of the privilege of conducting business in this judicial district, including pursuing claims in the Northern District of Texas, thereby reasonably anticipating being haled into Court in this district.

22. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events and allegations giving rise to the claims occurred, or a substantial part of property that is subject to this action, is situated in this District. TNS's principal place of business is located within the state of Texas, and upon information and belief, TNS has engaged

in business within this judicial district, including alleging infringement of its patent against companies with headquarters and/or substantial information in this District.

23. TNS's allegations in the EDTX Action recite that venue is proper for Sprint due to the presence of T-Mobile employees, retail stores, and offices in the Eastern District of Texas. Ex. 1 ¶¶ 15, 16, 22. TNS further alleges that "Sprint customers can 'visit [their] local T-Mobile retail store for assistance' if they 'have any questions or need additional help.'" Ex. 1 at ¶ 14. There are no Sprint stores, employees, or offices in the Eastern District of Texas or the Northern District of Texas.

24. T-Mobile USA, Inc. has the following retail store locations in the Northern District of Texas: 4201 Gaston Ave Suite 100, Dallas, TX 75246; 6342 Gaston Ave, Dallas, TX 75214; 6751 Abrams Rd #132, Dallas, TX 75231; 9310 Forest Ln. Ste. 212, Dallas, TX 75243; 611 Jefferson Blvd. Ste. 103, Dallas, TX 75208; 3003 Knox St. Suite 100, Dallas, TX 75205; 8180 Park Ln. Ste. C349, Dallas, TX 75231; 9208 E R L Thornton Fwy. Bldg. B Ste. 210, Dallas, TX 75228; 13350 Dallas Pkwy. #3315a, Dallas, TX 75240; 3311 W. Illinois Ave. Ste. 500, Dallas, TX 75211; 4787 Vistawood #100, Dallas, TX 75232; 8136-100 Spring Valley Rd., Dallas, TX 75240; 8687 N. Central Expy. Ste. 2336, Dallas, TX 75225; 5715 Lemmon Ave. Suite 5, Dallas, TX 75209; 3523 Oak Lawn Ave., Dallas, TX 75219; 2445 Buckner Blvd. Ste. 100, Dallas, TX 75227; 2605 Fort Worth Ave. Suite 200, Dallas, TX 75211; 3155 S. Lancaster Rd. Suite 100, Dallas, TX 7521; 7331 Gaston Ave. Ste. 150, Dallas, TX 75214; and 2947 Buckner Blvd. Ste. 400, Dallas, TX 75227.

25. TNS also alleges that venue is proper in the Eastern District of Texas as to Sprint due to the availability and operation of the "T-Mobile Network" in Texas and in the Eastern District of Texas. Ex. 1 at ¶ 10, 11, 18–21, 24. At the time of filing of this Complaint, T-Mobile's

wireless communications network is as available to consumers in the Northern District of Texas as it is to those in the Eastern District of Texas. At the time of filing of this Complaint, T-Mobile's wireless communications network is operated in the Northern District of Texas at least to the same extent as it is in the Eastern District of Texas.

26. At the time of filing of this Complaint, Sprint's wireless communications network is as available to consumers in the Northern District of Texas as it is to those in the Eastern District of Texas.

27. Sprint Spectrum's wireless communications network, and T-Mobile's wireless communication network (to the extent TNS accuses Sprint of infringement based on the T-Mobile wireless network), which are available to consumers in the Northern District of Texas, are the subject of non-infringement allegations in this Complaint.

## FACTUAL BACKGROUND

28. On November 9, 2021, TNS filed a complaint against Sprint LLC in the Eastern District of Texas alleging infringement of the '813 Patent. *Telecom Network Solutions, LLC v. T-Mobile USA, Inc.*, case no. 2:21-cv-00418-JRG. On the same day and also in the Eastern District of Texas, TNS asserted the same patent against Verizon and AT&T. *Telecom Network Solutions, LLC v. Verizon Communications Inc.*, Case No. 2:21-cv-00416-JRG; *See Telecom Network Solutions, LLC v. AT&T Inc.*, Case No. 2:21-cv-00415-JRG.

29. TNS purports to be the owner of U.S. Patent Reissue Patent No. RE47,813 entitled, "Feedback Loop for Dynamic Network Resource Allocation," which on its face indicates an issue date of January 14, 2020. A copy of the '813 Patent is attached as Exhibit 6.

30. An assignment was recorded with the USPTO on January 3, 2022 that transferred all substantial rights to the '813 Patent from Optiva Canada Inc. to TNS. The assignment that was recorded with the USPTO on January 3, 2022 was executed on December 24, 2021.

31. Plaintiffs are informed and believe that TNS was not granted all substantial rights to the '813 Patent until after the filing of the complaint in the EDTX Action and thus lacked Article III standing to initiate a patent infringement action.

32. The Eastern District of Texas lacks subject matter jurisdiction over the EDTX Action, which means the EDTX Action is a nullity.

33. This action is the first filed action, according to the first-to-file rule, concerning infringement and/or non-infringement of the '813 Patent. The EDTX Action is a nullity that must be dismissed due to lack of subject matter jurisdiction at the time TNS filed its complaint.

## COUNT ONE
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. RE47,813)

34. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 33 of this Complaint above as fully set forth herein.

35. A real, actual, and justiciable case and controversy exists between Plaintiffs and TNS concerning the non-infringement of the '813 Patent. Absent a declaration of non-infringement, TNS will continue to wrongfully threaten assertion of the '813 Patent against Plaintiffs' products and/or services and thereby cause Plaintiffs irreparable injury and damages.

36. Plaintiffs' products and/or services have not infringed, and do not infringe, directly or indirectly, any valid and enforceable claim of the '813 Patent, in any manner under any section of 35 U.S.C. § 271, including 35 U.S.C. § 271(a), (b), (c), and/or (f), willfully or otherwise either alone or jointly with any other entity. For example, and without limitation, Sprint Spectrum LLC's wireless communications network, and T-Mobile's wireless communications network, do not dynamically allocate network resources by generating a prioritization list defining an order of said plurality of devices, based on billing profiles for each of said plurality of devices and on a billing history for each of said plurality of devices; do not select at least one of said devices based on said

prioritization list; and do not dynamically modify at least one of said service profile and said billing profile for said selected device if said network resources is underutilized by said traffic profile or if said network resource would be over-utilized by said traffic profiles.

37. In addition, Sprint LLC does not infringe any valid or enforceable claim of the '814 Patent in any manner for the additional reason that it is a holding company that does not provide any products, services, or networks.

38. Plaintiffs do not indirectly infringe any asserted claim and, in particular, do not induce any third party to perform all of the required steps of any asserted method claims.

39. Plaintiffs also do not offer to sell or sell within the United States or import into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

40. Plaintiffs are entitled to a judgment from this Court that Plaintiffs have not infringed, and do not infringe, any valid and enforceable claim of the '813 Patent. Such a declaration is necessary and appropriate so that Plaintiffs may confirm their rights with respect to the production and sale of its products and/or services.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following judgment and relief:

(A) A declaration that Plaintiffs have not infringed, and do not infringe, either directly or indirectly, any valid and enforceable claim of the '813 Patent, either literally or under the doctrine of equivalents.

(B) An order that TNS and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Plaintiffs claiming that the '813 Patent is infringed or from representing that Plaintiffs' manufacture, use, sale, offer for sale and/or import products and/or services infringe the '813 Patent.

(C) To the extent that Plaintiffs are the prevailing party and it is determined that this is an exceptional case under 35 U.S.C. § 285, a declaration that this case is exceptional and awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law, including this Court's inherent authority;

(D) Any other equitable and/or legal relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a jury trial on all issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

February 7, 2022                                Respectfully submitted,

                                                             By:   /s/ *Beth Petronio*
                                                             **BETH PETRONIO**
                                                             Texas State Bar No. 00797664
                                                             E-mail: beth.petronio@klgates.com

                                                             **K&L GATES LLP**
                                                             1717 Main Street, Suite 2800
                                                            Dallas, Texas 75201
                                                            Telephone: 214.939.5500
                                                            Facsimile:214.939.5849

                                              By:   /s/ *Robert W. Weber*
                                                            **ROBERT W. WEBER**
                                                            Texas State Bar No. 21044800
                                                            E-mail: bweber@smithweber.com

                                                            **SMITH WEBER, L.L.P.**
                                                            5505 Plaza Drive
                                                            Texarkana, TX 75503
                                                            TEL:  903-223-5656
                                                            FAX:  903-223-5652

                                                            *Attorneys for Plaintiffs*